IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN S. SHIPLEY | : | CIVIL ACTION |
| | : | NO. 13-7398 |
| v. | : | |
| | : | |
| DELAWARE COUNTY TAX | : | |
| CLAIM BUREAU, et al. | : | |

O'NEILL, J.                                        May 12, 2015

## MEMORANDUM

Now before me are motions to dismiss the claims of plaintiff John S. Shipley, proceeding

pro se, by defendants Delaware County Tax Claim Bureau, Kathy S. Wike,[1] Delaware County

Government Center and Steven Vincent Bottiglieri[2] (collectively, the Delaware County

defendants) (Dkt No. 27) and by defendant Michael Dignazio (Dkt. No. 28).  In response

plaintiff filed a document titled "Motion Opposing All of the Defendants['] Motion[s] to

Dismiss" (Dkt. No. 32), to which defendant Dignazio filed a reply (Dkt. No. 33).  Plaintiff then

filed a response to Dignazio's reply (Dkt. No. 36).[3]  After considering the motions to dismiss and

plaintiff's responses and for the reasons that follow, I will grant defendants' motions.

---

[1]      The Delaware County defendants assert that Wike is the manager of the Delaware County Tax Claim Bureau.  Dkt. No. 27-2 at ECF p. 6.

[2]      The Delaware County defendants contend that Bottiglieri is a "private attorney who filed a motion for relief from the automatic stay on behalf of the Delaware County Tax Claim Bureau during Shipley's latest bankruptcy proceedings."  Dkt. No. 27-2 at ECF p. 8.

[3]      Plaintiff has requested "an open hearing in open court before the case is ruled." Dkt. No. 32 at ECF p. 2; see also Dkt. No. 36 at ECF p. 2 ("I want a hearing in this matter."). The Court, however, is not required to hold a hearing prior to disposing of defendants' motions. Rule 78 of the Federal Rules of Civil Procedure grants a district judge discretion to decide whether to hear oral argument on a particular motion, or instead, to decide it on the papers. Likewise, Local Rule of Civil Procedure 7.1(f) provides that "[a]ny interested party may request oral argument on a motion," but that "[t]he court may dispose of a motion without oral argument."  E.D. Pa. Local R. Civ. P. 7.1(f).

## BACKGROUND

Shipley claims that "the defendants upon this complaint have shown that they are going thr[ough] drastic measures to steal [his] property." Dkt. No. 21 at ECF p. 2. Shipley's complaint and amended complaint assert claims for alleged violations of his constitutional rights and his rights under state law in connection with what plaintiff describes as tax sales[4] relating to two properties located in Delaware County, Pennsylvania:  a property located at 9th Street in Chester, and a property located at 210 Willers Road in Aston.[5] Dkt. No. 1 at ECF p. 2; Dkt. No. 21 at ECF p. 11. Shipley, who is black, contends that defendants' actions with respect to the tax sales violated his constitutional rights and that defendants violated his rights on the basis of his race. Dkt. No. 1 at ECF p. 1, 4; Dkt. No. 21 at ECF p. 11, 13. He asserts claims under the Thirteenth Amendment, the Equal Protection and Due Process clauses of the Fourteenth Amendment and "the privilege and immunities clause of Article 4 in the Fourteenth Amendment." Dkt. No. 1 at ECF p. 4; Dkt. No. 21 at ECF p. 11, 13. He also contends that his action is

> brought pursuant to 42 U.S.C.S. 1981, 1982, 1985(3) and 1986, to secure the rights of the Plaintiff[ ] to be secure in [his] property as would a white citizen, to enforce the rights of Plaintiffs to inherit, purchase, lease, sell, hold, and convey real and personal property o[n] the same basis as white citizens, to be protected from malicious prosecution, malicious abuse of process, and otherwise a deprivation of property, and to be free from conspiracy intended to deprive Plaintiff of his rights

under the Constitution. Dkt. No. 21 at ECF p. 11. In his opposition to defendants' motions to dismiss, Shipley asserts that defendants "conspired to violate plaintiff[']s civil rights and to take

---

[4]      Shipley alleges that "[t]he amount of Monies the County of Delaware Tax office is claiming the Plaintiff owes in arrears are in[correct]." Dkt. No. 21 at ECF p. 13.

[5]      In his motion opposing defendants' motions to dismiss, plaintiff also asserts that his "property at 609 Wildel Av. Mingdale New Castle Del. 19720 was taken from [him] in 2007" and that he has "proof that [he] never recie[ve]d notic[e] of any court dates." Dkt. No. 32 at ECF p. 2. I decline to consider any claims pertaining to the Delaware property, however, because Shipley asserts no facts about the Delaware property in his complaint or his amended complaint.

the propert[ies in Aston and Chester] without giving proper notice and having a private sale

without proper notice." Dkt. No. 32 at ECF p. 1.  In his amended complaint Shipley also alleges

that "the laws that the state of Pennsylvania and Delaware [C]ounty and the rules of Civil

Procedure promulgated by the Supreme Court of Pennsylvania are unconstitutional as they

pertain to the obtaining of a tax sale of a person[']s property without notice to the owner of any

such sale." Dkt. No. 21 at ECF p. 12.

Shipley's complaint and amended complaint provide little detail regarding the tax sales in

question, but in deciding defendants' motions to dismiss I may also consider documents relevant

to the tax sales which are "attached to or submitted with the complaint, and any 'matters

incorporated by reference or integral to the claim, items subject to judicial notice, matters of

public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp.

Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006), quoting 5B Charles A. Wright & Arthur R. Miller,

Federal Practice & Procedure § 1357 (3d ed. 2004) (internal quotation marks and citations

omitted).

With respect to the 9th Street property, it was sold on December 14, 2011 in a judicial tax

sale to Guy LeRoy.  See Shipley v. Tax Claim Bureau of Del. Cnty., 74 A.3d 1101 (Pa. Commw.

Ct. 2013).  LeRoy was represented by defendant Dignazio.  Id.  Shipley claims that "[d]efendants

did not give Plaintiff any notice of the sale or summons."  Dkt. No. 21 at ECF p. 12.  Shipley's

wife, later joined by Shipley, filed a petition to set aside the tax sale to LeRoy, arguing that the

Tax Claim Bureau had "not properly serve[d] Mr. Shipley with a notice of the judicial tax sale

under the Law."  Shipley, 74 A.3d at 1104.  The trial court denied the petition and the Shipleys

appealed to the Commonwealth Court of Pennsylvania.  Id.  On July 25, 2013, the

Commonwealth Court reversed the trial court's order which had denied the petition to set aside

the tax sale because "[m]issing from the record certified to th[e Commonwealth] Court [was] a return from the Sheriff for the Rule to Show Cause sent to Mr. Shipley," as 72 P.S. § 5860.611 requires.[6] Id. at 1108.  The record before the Court is insufficient to definitively explain what has happened with respect to the title of the 9th Street property since the Commonwealth Court issued its decision.  It appears that on October 22, 2014, the United States Bankruptcy Court for the Eastern District of Pennsylvania entered an order modifying the stay in Shipley's separate bankruptcy proceedings and permitting the Delaware County Tax Claim Bureau to sell the 9th Street property "at the next County Tax Sale and to take any legal or consensual action for enforcement of its right to such sale."  Dkt. No. 30 at ECF p. 10; see also In re: John S. Shipley, No. 14-17310 (Bankr. E.D. Pa.).

With respect to the sale of the Willers Road property, it appears from the docket of the tax sale matter, that defendant Dignazio represented the buyer Lauren McSorley, LLP in a tax upset sale of the property.  See Dkt. No. 28-5 at ECF p. 2.  Shipley, who represented himself pro se in the matter, sought to vacate the tax sale and his petition to vacate was ultimately denied.  Id. at ECF p. 3.  The docket does not reflect an appeal.  Id.

Shipley contends that defendant Wike, "either personally or thr[ough] her employees carried out illegal functions and illegally sold or is trying to sell the two properties listed above without proper notification to the plaintiff  . . . ."  Dkt. No. 21 at ECF p. 12.  In his amended complaint, Shipley also "asks the courts to add [defendant Bottiglieri] to the complaint" and accuses him of filing "an illegal document in the form of a Motion for relief from the stay, on my property."  Id. at ECF p. 3.  Shipley claims that Bottiglieri falsely claimed to be representing

---

[6]    Plaintiff was represented by counsel in the Commonwealth Court appeal regarding the tax sale of the 9th street property.  See Shipley v. Tax Claim Bureau of Del. Cnty., 74 A.3d 1101 (Pa. Commw. Ct. 2013);

Shipley in his bankruptcy proceedings.  Id.

Shipley seeks relief in the form of damages "in the amount of Three million Dollars;" a declaration that Delaware County "in particular tax law, § 5860.611 service of the rule of Pa Delaware County Delinquent Tax a complaint original process such as Scire facias tax law has been deemed to have been effective without any notice being given to the property owner;" and an order requiring Delaware County to return the properties in question to him as the proper title holder.  Dkt. No. 21 at ECF p. 15.

## DISCUSSION

### I.      Jurisdiction

Defendants move for dismissal of Shipley's complaint and amended complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Dkt. Nos. 27, 28.  Before turning to the question of whether plaintiff states a claim, however, I must consider whether the Court has subject matter jurisdiction over Shipley's claims.[7]  Shipley bears the burden of persuasion on the question of subject matter jurisdiction and his complaint must be dismissed if the Court lacks subject matter jurisdiction over the matter alleged therein.  See Fed. R. Civ. P. 12(b)(1), (h)(3); see also Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

### A.      Rooker-Feldman Doctrine

In their motion to dismiss, the Delaware County defendants assert that Shipley's claims should be dismissed based on the Rooker-Feldman doctrine.  Dkt. No. 27-2 at ECF p. 5; see Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S.

---

[7]      In the absence of a motion by a party to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Rule 12(h)(3) requires the Court to dismiss an action sua sponte if it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

462 (1983).  Defendant Dignazio argues that Rooker Feldman bars any claim arising out of the

Willers Road sale.  Dkt. No. 28-2 at ECF p. 13-14.  "The Rooker-Feldman doctrine deprives

federal district courts of jurisdiction 'over suits that are essentially appeals from state-court

judgments.'"  Howell v. Young, 530 F..App'x 98, 100 (3d Cir. 2013).  Where a "federal claim is

inextricably intertwined with [a] state adjudication, meaning that federal relief can only be

predicated upon a conviction that the state court was wrong," it is barred under Rooker-Feldman.

In re Madera, 586 F.3d 228, 232 (3d Cir. 2009); see also Exxon Mobil Corp. v. Saudi Basic

Indus. Corp., 544 U.S. 280, 284 (2005) (finding that the Rooker-Feldman doctrine applies to

"cases brought by state-court losers complaining of injuries caused by state-court judgments

rendered before the district court proceedings commenced and inviting district court review and

rejection of those judgments.");

    To the extent that Shipley asserts claims in this action which seek to reestablish his

ownership of the Willers Road property, the Court has no jurisdiction to consider such claims

under Rooker-Feldman.  Shipley's request that the Court order Delaware County to "return . . .

210 Willers Road Aston Pa 19104 (a vaca[nt] lot) to the proper title holder, owner and co-owner

in which is the Plaintiff John S. Shipley and John S. Clayton (deceased)," Dkt. No. 21at ECF p.

15, effectively asks this Court to overrule the state court judgment related to the possession and

ownership of the Willers Road property.  The Court of Appeals for the Third Circuit has

explained that "[a] federal claim is inextricably intertwined with an issue adjudicated by a state

court when: (1) the federal court must determine that the state court judgment was erroneously

entered in order to grant the requested relief, or (2) the federal court must take an action that

would negate the state court's judgment."  Knapper v. Bankers Trust Co., 407 F.3d 573, 581(3d

Cir. 2005) (citation and internal quotation omitted).  A ruling by this Court that Shipley is the

owner of the Willers Road property would necessitate a ruling that the state court erroneously denied Shipley's petition to set aside the upset tax sale.  "The <u>Rooker</u>-<u>Feldman</u> doctrine is implicated when, in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual."  <u>In re Madera</u>, 586 F.3d at 232; <u>see also</u> <u>Reisinger v. Luzerne County</u>, 712 F. Supp. 2d 332, 349 (M.D. Pa. 2010) ("whatever arguments Plaintiff were to make, he cannot get around the fact that <u>but for the state court decisions</u> affirming the propriety of the Tax Claim Bureau's sale of his property, <u>he would have no injury</u> upon which to base his federal claim") (emphasis added).  Because I have no jurisdiction to consider Shipley's claims with respect to the ownership of the Willers Road property, I must dismiss them.

To the extent that Shipley asserts claims in this action which relate to the 9th Street property, it is not clear that Shipley is a state-court loser with respect to the property, even though he is here complaining about injuries which he claims to have incurred in connection with legal proceedings surrounding the property.  <u>See</u> Dkt. No. 21 at ECF p. 14 ("Plaintiffs [sic] were required to expend enormous amounts of time and energy in defense of these lawsuits and the protection of his home and Plaintiff lost a substantial amount of time from his businesses and work, as well as separation from their families [sic], all of which were caused by the action [of] Defendants.").  In particular, it is not clear to the Court why Shipley here seeks the return of the 9th Street property to his possession when he already obtained a ruling in the Commonwealth Court that the notice requirements for the judicial tax sale of the property had not been met.  <u>See</u> <u>Shipley</u>, 74 A.3d at 1108 (finding that there was no proof of "proper service under Section 611 of the law" governing notice of judicial tax sales where, "[m]issing from the record certified to this Court is a return from the Sheriff for the Rule to Show Cause sent to Mr. Shipley"); <u>but see</u>

Dkt. No. 21 at ECF p. 15 (seeking "return [of] 600 [E]ast 9th Street Chester Pa. 19013 to the proper John Shipley").  If what Shipley seeks to challenge in this action is some aspect of the outcome of the 9th Street litigation in state court, any verdict permitting Shipley to recover damages from defendants for their conduct regarding the 9th Street property would implicate the validity of the state court proceedings regarding the judicial tax sale.  Any claims which seek to relitigate the validity of the tax sale with respect to the 9th Street property are barred by the Rooker-Feldman doctrine and must be dismissed for lack of jurisdiction.

### B.    Challenge to Bankruptcy Proceeding

Also, to the extent that any of Shipley's allegations can be interpreted as asking this Court to vacate the Bankruptcy Court's October 22, 2014 decision to modify the stay in his Chapter 13 Bankruptcy proceeding, the Court must dismiss such a claim for lack of jurisdiction. Plaintiff could have filed an appeal from the Bankruptcy Court here, in the United States District Court for the Eastern District of Pennsylvania, but he would have had to do so in a timely fashion, i.e., within ten days of the Bankruptcy Court's decision in accordance with Rule 8002(a) of the Federal Rules of Bankruptcy Procedure.  See Klein v. U.S., No.11-2057, 2012 WL 928698, at *15 (M.D. Pa. Feb. 13, 2012) ("Plaintiff could have appealed any Bankruptcy Court order which allegedly defrauded him of his house and which recognized U.S. Bank's proof of claim to the District Court and the order denying his request for a stay of the sheriff's sale of his house within ten (10) days of the Orders.").  This action was already pending when the Bankruptcy Court entered its Order on October 22.  On October 29, less than ten days later, Shipley filed a motion in this case to "set aside" a motion filed by Dignazio and seeking an extension of time to answer all defendants' motions. Dkt. No. 19.  However, nowhere in his October 29 motion does Shipley reference his bankruptcy proceeding or the Bankruptcy Court's

-8-

Order.  See Id. (claiming there had been a death in the family, that he had been suffering from high blood pressure and depression and attaching a docket from the Delaware Tax Claim Bureau).  Even liberally construing Shipley's pleading, I find that the October 29 filing cannot be construed as a timely notice of appeal from the Bankruptcy Court Order.  "The failure to file a timely notice of appeal deprives the District Court of jurisdiction to hear the appeal."  In re Allegheny Health Educ. & Research Found., 181 F. App'x 289 (3d Cir. 2006).  Accordingly, "insofar as Plaintiff is timebarred from appealing any decision of the Bankruptcy Court to this court, [ ] this Court lacks jurisdiction to hear any appeal of the Bankruptcy Court's orders." Klein, 2012 WL 928698, at *15.

## II.      Failure to State a Claim

I also find that Shipley's claims would fail even if any of his filings, liberally construed, could be read to allege claims over which this Court has jurisdiction because Shipley has not articulated sufficient facts to state a claim upon which relief could be granted.  To survive defendants' motions to dismiss pursuant to Rule 12(b)(6), Shipley's amended "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In evaluating defendants' motions, the Court must separate the legal and factual elements of Shipley's claims, accept the well-pleaded factual allegations as true and disregard any legal conclusions.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Id. at 211, quoting Iqbal, 556 U.S. at 679.  A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679, quoting Fed. R. Civ. P. 8(a)(2).  Where, as here, plaintiff is proceeding pro se, I have "an obligation to construe the complaint liberally." Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009).  Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

### A.    Sections 1981 and 1982

Shipley fails to state a claim under either Section 1981 or Section 1982.  42 U.S.C. § 1981(a) provides that:

> [a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . .

"To state a valid claim under § 1981, a plaintiff must show (1) that he or she is a member of a racial minority, (2) intent to discriminate on the basis of race by the defendant, and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts." Stein v. City of Phila., No. 13-4644, 2013 WL 6408384, at * 3 (E.D. Pa. Dec. 5, 2013), citing Brown v. Philip Morris, Inc., 250 F.3d 789, 797 (3d Cir. 2001).

42 U.S.C. § 1982 provides that "[a]ll citizens of the United States shall have the same right, in every state and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold , and  convey real and personal property."  Similar to the requirements for a claim under § 1981, "[t]o establish a cognizable claim under § 1982, a plaintiff 'must allege with

-10-

specificity facts sufficient to show . . . (1) the defendant's racial animus; (2) intentional discrimination; and (3) that the defendant deprived plaintiff of his [property] rights because of race." Crane v. Cumberland Cnty., 64 F. App'x 838, 841 (3d Cir. 2003), quoting Brown v. Philip Morris, Inc., 250 F.3d 789, 797 (3d Cir. 2001).

"Intent may be demonstrated through disparate impact, departures from procedural norms, a history of discriminatory actions, and other relevant facts . . . . Conclusory allegations of generalized racial bias do not establish discriminatory intent." Flagg v. Control Data, 806 F. Supp. 1218, 1223 (E.D. Pa. 1992), citing Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 264-68 (1977).  Shipley here only conclusorily alleges that defendants' actions were undertaken "on the basis of race."  Dkt. No. 21 at ECF p. 13.  This is not enough.

**B.      Section 1985 and Section 1986**

Subsection (3) of Section 1985 provides a cause of action against a person who conspires "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."  42 U.S.C. § 1985(3).  Shipley makes various allegations about defendants' involvement in the conspiracy he claims, but his allegations about their alleged roles in the conspiracy are conclusory at best. Further, he makes no allegations of any actions which would demonstrate an actual agreement to conspire.  "Mere conclusory allegations that a conspiracy existed will not survive a motion to dismiss." Boykin v. Bloomsburg Univ. of Pa., 893 F. Supp. 409, 418 (M.D. Pa. 1995), citing Rogin v. Bensalem Twp., 616 F.2d 680, 696 (3d Cir. 1980), aff'd without op., 91 F.3d 122 (3d Cir. 1996).  Moreover, without a § 1985 claim, there can be no claim under 42 U.S.C. § 1986. See Rogin, 616 F.2d at 696 ("Because transgressions of § 1986 by definition depend on a

preexisting violation of § 1985, if the claimant does not set forth a cause of action under the
latter, its claim under the former necessarily must fail also.").

    **C.**    **Section 1983:  Constitutional Claims**

    Shipley asserts various claims for alleged violations of his rights under the U.S.
Constitution and the Court therefore construes his complaint as seeking to recover from
defendants under 42 U.S.C. § 1983.  To withstand defendants' motions to dismiss, Shipley must
sufficiently allege that each defendant was a state actor who engaged in conduct that deprived
Shipley of rights, privileges or immunities secured by the Constitution or laws of the United
States.  See Wilson v. Russo, 212 F.3d 781, 786 (3d Cir. 2000).  This he has not done.

    First, Shipley fails to state a claim under against Delaware County Government Center
because it is a complex of buildings, not a "person" who may be sued under Section 1983.  See
Bucano v. Sibum, No. 12-0606, 2012 WL 2395553, at *11 (M.D. Pa. Apr. 23, 2012),  ("As
Defendants, Plaintiffs name, in part, MCCF and Monroe County Courthouse.  The law is well-
settled that a prison and a courthouse are not 'persons' that are subject to suit under § 1983."),
report and recommendation adopted as modified, No. 12 -606, 2012 WL 2395262 (M.D. Pa.
June 25, 2012).

    Second, Shipley fails to state a section 1983 claim against Bottiglieri because Shipley has
not sufficiently alleged that Bottiglieri is a "state actor."  "The traditional definition of acting
under color of state law requires that the defendant in a § 1983 action have exercised power
'possessed by virtue of state law and made possible only because the wrongdoer is clothed with
the authority of state law.'"  West v. Atkins, 487 U.S. 42, 49 (1988), quoting United States v.
Classic, 313 U.S. 299, 326 (1941).  A "defendant acts under color of state law when he abuses
the position given to him by the state."  West, 487 U.S. at 49-50.

> [T]here are three exceptional circumstances in which an attorney
> may become a state actor:  (1) by acting as a state official, (2) by
> conspiring with a state official to deprive a person of his or her
> constitutional rights, or (3) by engaging in some action that is by
> its nature, chargeable to the state.

Willis v. Carroll Twp., No. 07-0949, 2008 WL 644762, *5 (M.D. Pa. 2008) (internal citations

and quotation marks omitted).  Shipley's allegations are not sufficient to demonstrate that any of

these circumstances are present with respect to Bottiglieri.

Third, it is not apparent how the tax sales of Shipley's property or any of the other

conduct by defendants which he alleges implicates the anti-slavery and involuntary servitude

provision of the Thirteenth Amendment.  The Thirteenth Amendment "prohibit[s] compulsion

through physical coercion."  United States v. Kozminski, 487 U.S. 931, 943 (1998).

Fourth, Shipley fails to state a claim against the other defendants under section 1983 for

his claims under the Fourth and Fourteenth Amendments because, under the pleadings standards

enunciated in Twombly and Iqbal, Shipley must plead factual content that allows the Court "to

draw the reasonable inference that [each] defendant is liable for the conduct alleged."  Iqbal, 556

U.S. at 663, citing Twombly, 550 U.S. at 556.  In support of his claims, Shipley alleges, inter

alia, that "civil rules through services of defendants violated Plaintiff's due process rights of the

[F]ourteenth Amendments, through the services of defendants, change deed over to the person

they wanted to have the property at the private sale on December 14th 2011."  Dkt. No. 21 at

ECF p. 12.  He further alleges that:

> Tax sale take place without a property owner ever knowing that
> they have been sued or having opportunity to raise a defense
> thereby depriving them of their property without the equal
> protection of the Laws without being provided due process of the
> Law and a violation of the privilege and immunities clauses of the
> [F]ourteenth amendment.

Id. at ECF p. 13.  Shipley's allegations are too vague and undefined to establish liability for

violations of his rights under the Fourth and Fourteenth Amendments.

      **D.**    **Unconstitutionality of State Law and Rules Applicable to Tax Sales**

      To the extent that Shipley contends that "the laws that the state of Pennsylvania and Delaware [C]ounty and the rules of Civil Procedure promulgated by the Supreme Court of Pennsylvania are unconstitutional as they pertain to the obtaining of a tax sale of a person[']s property <u>without notice</u> to the owner of any such sale," Dkt. No. 21 at ECF p. 12 (emphasis added), the Court finds that his complaint fails to state a plausible claim for relief.  Plaintiff fails to direct the Court to any specific Delaware County or Pennsylvania law or any Pennsylvania Rule of Procedure which would permit or require a tax sale to proceed absent notice to a property owner.

      Indeed, the laws of Pennsylvania specifically require the provision of notice to a property owner with respect to tax sales or tax upset sales.  72 P.S. § 5860.611, a provision which plaintiff himself cites, <u>see</u> Dkt. No. 21 at ECF p. 13, sets forth the requirement of notice to an owner of record for a judicial tax sale:

> Service of the rule shall be made in the same manner as writs of scire facias are served in this Commonwealth.  When service cannot be made in the county where the rule was granted, the sheriff of the county shall deputize the sheriff of any other county in this Commonwealth, where service can be made. If service of the rule cannot be made in this Commonwealth, then the rule shall be served on the person named in the rule by the sheriff, by sending him, by registered mail, return receipt requested, postage prepaid, at least fifteen (15) days before the return day of the rule, a true and attested copy thereof, addressed to such person's last known post office address. The sheriff shall attach to his return, the return receipts, and if the person named in the rule has refused to accept the registered mail or cannot be found at his last known address, shall attach evidence thereof. This shall constitute sufficient service under this act.

72 P.S. § 5860.611.  72 P.S. § 5860.602 provides the following notice requirements for a tax

upset sale:

> (a) At least thirty (30) days prior to any scheduled sale the bureau shall give notice thereof, not less than once in two (2) newspapers of general circulation in the county, if so many are published therein, and once in the legal journal, if any, designated by the court for the publication of legal notices.  Such notice shall set forth (1) the purposes of such sale, (2) the time of such sale, (3) the place of such sale, (4) the terms of the sale including the approximate upset price, (5) the descriptions of the properties to be sold as stated in the claims entered and the name of the owner.
>
> . . .
>
> (e) In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:
>
> (1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.
>
> (2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes.  It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office.
>
> (3) Each property scheduled for sale shall be posted at least ten (10) days prior to the sale.

72 P.S. § 5860.602.  Even if any of the defendants had a duty to comply with these notice provisions, something which I do not decide here, the provisions are not rendered unconstitutional by the failure of any defendant to comply with their requirements.  Plaintiff's contention that tax sales may proceed without notice is thus unsupported and I will dismiss his claims seeking to challenge the constitutionality of the laws governing the notice required for

any tax sale of his property.

**III.    Leave to Amend**

Finally, because his pleadings do not include any allegations suggesting that Shipley could conceivably establish subject matter jurisdiction or a claim upon which relief could be granted, the Court finds that any amendment of Shipley's claims would be futile.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (finding that "futility" may "justify a denial of leave to amend").  Accordingly, I will dismiss Shipley's claims with prejudice.

An appropriate Order follows.